

# COMMONWEALTH *of* VIRGINIA

## TWENTY-FIRST JUDICIAL DISTRICT
## HENRY COUNTY GENERAL DISTRICT COURT

CHIEF JUDGE
MARCUS A. BRINKS

3160 Kings Mountain Road, Suite A
Martinsville, Virginia 24112
Telephone (276) 634-4815
Fax (276) 634-4825

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 0 7 2018

JULIA C. DUDLEY, CLERK
BY: HMcDonad
DEPUTY CLERK

May 2, 2018

The Honorable Julia C. Dudley, Clerk of Court
United States District Court
For the Western District of Virginia at Danville
P O Box 1400
Danville, VA  24543

Re:  Sharon H. Anderson v. Procter & Gamble Long-Term Disability Allowance Plan
     Case No. 4:18CV00024; State Court No. GV18000601-00

Dear Ms. Dudley:

Enclosed is the original case filed with our court, per order entered April 26, 2018 to remove from
General District Court for Henry County  to the United States District Court for the Western District of
Virginia at Danville.

Sincerely,

Judy Bryant
Deputy Clerk

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 26 2018
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

SHARON H. ANDERSON,                )
                                   )
            Plaintiff,             )    Case No. 4:18CV00024
                                   )    State Court No. GV18000601-00
v.                                 )
                                   )        **O R D E R**
PROCTER & GAMBLE LONG-             )
TERM DISABILITY ALLOWANCE          )
PLAN,                              )
                                   )
            Defendant.             )

This case was recently removed from the General District Court for Henry County to the

United States District Court for the Western District of Virginia at Danville. This court finding it

necessary and proper to do so, it is hereby REQUESTED that the original case file in your Court

be forwarded to the Clerk of this court at P. O. Box 1400, Danville, VA 24543.

The Clerk is directed to send a copy of this Order to the Clerk of the General District Court

for Henry County.

ENTERED:   April 26, 2018

s/Jackson L. Kiser
Senior United States District Judge

**ECF**
**DOCUMENT**

I hereby attest and certify that this is a printed copy of
a document that was electronically filed with the
United States District Court for the Western District
of Virginia.
Date Filed    4/26/18

By: HMcDonald                    Julia C. Dudley, Clerk of Court
    Deputy Clerk

RECEIVED

DATE/TIME _5-21-8_____9:00 AM

BY_____A Garrett DC_____

HENRY COUNTY GENERAL DISTRICT COURT

**WARRANT IN DEBT** (CIVIL CLAIM FOR MONEY)

Commonwealth of Virginia   VA. CODE § 16.1-79

................... Henry County ................... General District Court
CITY OR COUNTY

................... 3160 Kings Mountain Road, Suite A, Martinsville, VA 24112 ...................
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summon the Defendant(s).

TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on

May 30, 2018, 9:30 a.m. ................... to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

3-23-18                          L. Oualy
DATE ISSUED          [ ] CLERK   [✗] DEPUTY CLERK   [ ] MAGISTRATE

---

**CLAIM:** Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of

$ 25,000.00 ... net of any credits, with interest at ... 6.00 % from date of May 2, 2016 until paid,

$ 84.00  ~~56.00~~ costs and $ ................... attorney's fees with the basis of this claim being

[ ] Open Account [ ] Contract [ ] Note [ ] Other (EXPLAIN)

**see attached Complaint**

HOMESTEAD EXEMPTION WAIVED? [ ] YES  [ ] NO  [ ] cannot be demanded

March 23, 2018                   [ ] PLAINTIFF [✗] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S EMPLOYEE/AGENT
DATE

---

**CASE DISPOSITION**

JUDGMENT against [ ] named Defendant(s) [ ] ...................

for $ ................... net of any credits, with interest at ............. % from date

of ................... until paid, $ ................... costs and $ ...................attorney's fees

HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] CANNOT BE DEMANDED

[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ]...................

[ ] NON-SUIT [ ] DISMISSED ...................

Defendant(s) Present? [ ] YES ...................
                      [ ] NO

................... ...................
DATE                  JUDGE

FORM DC-412 (PAGE ONE OF TWO) 07/04 PDF

---

CASE NO. 1800601

Anderson, Sharon H.
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)
c/o Susan A. Waddell, Esq.

415 S. College Avenue, Salem, VA 24153

v.

Procter & Gamble Long-Term Disability Allowance Plan
DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

Registered agent: CT Corporation System

4701 Cox Road, Suite 285

Glen Allen, VA 23060 (Henrico County)

---

**WARRANT IN DEBT**

* * *

TO DEFENDANT: You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location.

[ ] To dispute this claim, you must appear on the return date to try this case.

[✗] To dispute this claim, you must appear on the return date for the judge to set another date for trial.

Bill of Particulars ................... ORDERED ................... DUE ...................

Grounds of Defense ................... ORDERED ................... DUE ...................

ATTORNEY FOR PLAINTIFF(S) ... Susan A. Waddell, Esq.

415 S. College Ave, Salem, VA 24153, 540-387-2320

ATTORNEY FOR DEFENDANT(S)

HENRICO SHERIFF OFFICE
2018 MAR 29 A 10: 01
RECPT DATE: VALID
2018/03/26 RECPT #:0000025 PAPERS
RECEIVED TIME: 15:10

---

**HEARING DATE AND TIME**

May 30, 2018

9:30 a.m.

316674
5-2-18
Removed From
Henry Co General
District Court
Transferred To
Federal Court
United State District
Court For Western
District Of VA
Danville Division
PO Box 1400
Danville VA
24543

JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION.

................... DATE

................... CLERK

**DISABILITY ACCOMMODATIONS** for loss of hearing, vision, mobility, etc., contact the court ahead of time.

**RETURNS: Each defendant was served according to law, as indicated below, unless not found.**

NAME  P&G Long-Term Disability Allowance
Plan; Registered Agent:CT Corporaton System

ADDRESS          4701 Cox Road, Suite 285

Glen Allen, VA 23060 (Henrico County)

NAME ............................................................
............................................................

ADDRESS ......................................................
............................................................

NAME ............................................................
............................................................

ADDRESS ......................................................
............................................................

[ ] PERSONAL SERVICE      Tel. No.

Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.  List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

_____
SERVING OFFICER

for _____

..........................
DATE

I certify that I mailed a copy of this document to the defendants named therein at the address shown therein on

March 23, 2018

..........................    _____
DATE

[ ] Plaintiff
[x] Plaintiff's Atty.
[ ] Plaintiff's Agent

Fi. Fa. issued on ...........................................................

Interrogatories issued on: ..............................................

Garnishment issued on ....................................................
.............................................................................

---

NAME .................. **BAD ADDRESS S. FRONT**

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to person found in charge of usual place of business or employment during business hours and giving information to its purport.

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or order at usual place of abode of party named above giving information of its purport. List name, age of recipient and relation of recipient to party named above.

[ ] Posted on the common door of usual place of abode, address listed above.  (Other authorized recipient not found.)

[ ] Copy mailed to judgment debtor on date below after serving the garnishee unless a different date is shown below.

[ ] Evicted    [ ] Not Evicted

[ ] Served on registered agent    Teresa Brown
                                   Registered Agent

[ ] Not found

[ ] NO EFFECTS FOUND        DEPUTY SHERIFF

3-30-18

..........................
DATE

FOR: Sheriff Michael L. Wade
Henrico County, Virginia

---

NAL SERVICE      Tel. No.

unable to make personal service, a copy was red in the following manner:

red to family member (not temporary ner or guest) age 16 or older at usual place de of party named above after giving ation of its purport.  List name, age of nt, and relation of recipient to party named

d on front door or such other door as rs to be the main entrance of usual place of address listed above. (Other authorized nt not found.)

d on Secretary of the Commonwealth

FOUND

_____
SERVING OFFICER

for _____

in a different city or county, you may file a that city or county. To do so, you must do the

b) the case number and the "return date" as ntiff(s)' name(s) and Defendant(s)' name(s), (d) ecause" and state the reasons for your objection nd (e) your signature and mailing address.

(use the mail at your own risk) or give it to the deliver a copy to plaintiff.

judge's decision.

FORM DC-412, DC-414, DC-428  (REVERSE) REVISED 07/04

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A.....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

***As such, neither CT Corporation System, nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.***

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

    Katie Bush            Teresa Brown            Jabrel Samuel

This authorization does not certify the receipt or acceptance of any specific process

Teresa Brown
Team Leader
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Teresa Brown, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this 20th day of November, 2017.

Notary Public
Commission exp. 2/28/19.

LISA D. CHRISTIAN
NOTARY PUBLIC
MY COMMISSION NUMBER
7510278
COMMONWEALTH OF VIRGINIA

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. ........... GV18000601-00

Commonwealth of Virginia     Va. Code §§ 8.01-301, -329; 55-218.1; 57-51

............... Henry County General ...............  ............ District Court

............... Sharon Anderson ...............     v.     Procter & Gamble Long Term Disability Allowance Plan

c/o Susan A. Waddell, Esq., Guynn & Waddell, P.C.     c/o D. G. Willis, The Procter & Gamble Company,

415 S. College Avenue, Salem, VA 24153, 540-387-2320     Two Procter & Gamble Plaza, Cincinnati, OH 45202

---

**TO THE PERSON PREPARING THIS AFFIDAVIT:** You must comply with the appropriate requirements listed on the back of this form.

Attachments: [X] Warrant ~~in Debt w/ complaint~~ [ ] Motion for Judgment [ ] ...............

I, the undersigned Affiant, state under oath that:

[X] the above-named defendant     [ ]

whose last known address is: [X] same as above [ ] ...............

1. [X] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) __7__ applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT on reverse) and that

| May 30, 2018 | is the return date on the attached warrant, motion for judgment or notice (see TIMELY SERVICE REQUIREMENT on reverse). |

04/04/2018
DATE          [ ] PARTY  [X] PARTY'S ATTORNEY  [ ] PARTY'S AGENT

State of _Virginia_          [X] City [ ] ~~County~~ of _Salem_

Acknowledged, subscribed and sworn to before me this ___4th___ day of ___April___, 20 _18_

208888          _Lydia S. Upchurch_
NOTARY REGISTRATION NUMBER     [ ] CLERK [ ] MAGISTRATE [X] NOTARY PUBLIC (My commission expires ... _10/31/18_ ... )

LYDIA UPCHURCH
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #268888
My Commission Expires 10/31/18

[X] Verification by the clerk of the court of the date of filing of the certificate of compliance requested. A self-addressed stamped envelope was provided to the clerk at the time of filing of this Affidavit.

**NOTICE TO THE RECIPIENT** from the Office of the Executive Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

---

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On ............... , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On ............... , papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

............... SERVICE OF PROCESS CLERK, DESIGNATED BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM DC-410 FRONT 07/13

**TIMELY SERVICE REQUIREMENT:**

Service of process in actions brought on a warrant or motion for judgment pursuant to Virginia Code § 16.1-79 or § 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting; or

8. (ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person.

9. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.

# Guynn & Waddell, P.C.

ATTORNEYS AT LAW

415 S. COLLEGE AVENUE
SALEM, VIRGINIA 24153
TELEPHONE (540) 387-2320
FACSIMILE (540) 389-2350

JIM H. GUYNN, JR.
   JimG@guynnwaddell.com

SUSAN A. WADDELL
   SusanW@guynnwaddell.com

PAUL M. MAHONEY, OF COUNSEL
   PaulM@guynnwaddell.com

THERESA J. FONTANA
   TheresaF@guynnwaddell.com

MICHAEL W. S. LOCKABY
   MikeL@guynnwaddell.com

CHRISTOPHER S. DADAK
   ChristopherD@guynnwaddell.com

JULIAN F. HARF
   JulianH@guynnwaddell.com

April 4, 2018

Ms. Stacie Renae Prillaman, Clerk
Henry County General District Court
3160 Kings Mountain Road, Suite A
Martinsville, VA 24112

      Re:    Sharon H. Anderson v. Procter & Gamble Long Term Disability Allowance Plan
            Return date:  May 30, 2018, 9:30 a.m.

Dear Ms. Prillaman:

     The Warrant in Debt with attached Complaint was filed on March 26, 2018.  We now wish to request service of the Warrant in Debt on Defendant through the Secretary of the Commonwealth.

     We enclose the following:

1. Three copies of the Affidavit.
2. Copy of the Warrant in Debt with Complaint.
3. Envelope addressed to Defendant, returnable to our office.
4. Certified mail card (green card) addressed to Defendant, returnable to our office.
5. $28 check payable to the Secretary of the Commonwealth.
6. $12 check to Henry County General District Court for service of these papers on the Secretary of the Commonwealth.
7. Self-addressed stamped envelope for return of the certificate of compliance to our office.

     Should you have any questions or need anything further, or if any of these documents are in error, please contact us immediately.  Thank you for your assistance in this matter.

               Very truly yours,

               GUYNN & WADDELL, P.C.

               Susan A. Waddell

SAW/lsu
Enclosures
cc/enc:  Sharon H. Anderson



16608

**GUYNN & WADDELL, P.C.**
416 S. COLLEGE AVENUE
SALEM, VIRGINIA 24153
(540) 387-2320

**BNC** BANK

66-1203/531

| DATE | CHECK | AMOUNT |
|------|-------|--------|
| 04/04/18 | | *****$12.00 |

*** TWELVE & 00/100 DOLLARS

PAY
TO THE
ORDER
OF   Henry County General District Court

*Check #16608
is not
necessary*

VOID AFTER 90 DAYS

AUTHORIZED SIGNATURE

⑈016608⑈ ⑆0531         ⑆5000 2671⑈

*Returned w/ documents & $28 for
them to mail to S.D.C.*

VIRGINIA:

IN THE GENERAL DISTRICT COURT FOR THE COUNTY OF HENRY

SHARON H. ANDERSON                )
                                  )
        Plaintiff,                )
                                  )
v.                                )    Case No. ___180060___
                                  )
PROCTER & GAMBLE LONG –TERM       )
 DISABILITY ALLOWANCE PLAN,       )
Serve: Registered Agent           )
        CT Corporation System     )
        4701 Cox Road, Suite 285  )
        Glen Allen, VA 23060      )
        (Henrico County),         )
                                  )
        Defendant.                )

## COMPLAINT

The Plaintiff, Sharon H. Anderson, by counsel, files this Complaint against the

Defendant, Procter & Gamble Long-Term Disability Allowance Plan (hereafter "P&G"), and

moves for judgment against the Defendant for breach of contract and the award of monetary

damages as well as declaratory judgment on the grounds and in the amount set forth below:

1.     That the Defendant, P&G is an Employee Benefit Plan established pursuant to

ERISA and managed by Plan Trustees with Offices located in Cincinnati, Ohio.

2.     That Ms. Anderson is a beneficiary of the P&G employee benefit plan who

resides in Henry County, Virginia.   The P&G plan provides for long term disability benefits for

employees of Ms. Anderson's employer, Proctor & Gamble Co., at its plant located in Brown's

Summit, North Carolina.

1

3.      The plan at issue is subject to the Employee Retirement Income Security Act of 1974 (ERISA).

4.      That at all times relevant to this lawsuit, Ms. Anderson was a covered employee and eligible for benefits under the P&G plan.

5.      Pursuant to the long-term disability contract, P&G agreed to pay Ms. Anderson a monthly benefit of approximately $1,072.03 after its elimination period ended if she met the definition of disability contained in the plan.

6.      Pursuant to the Employee Benefit Plan documents, P&G agreed to pay Ms. Anderson a monthly benefit if she became disabled under the terms of the Plan.

7.       Under Article II Section 16 of the Plan at issue, a person is entitled to receive a monthly disability benefit for total disability if the person has a "mental or physical condition resulting from an illness or injury, which is generally considered totally disabling by the medical profession and for which the participant is receiving regular recognized treatment by a qualified medical professional."  As of July 31, 2011, Ms. Anderson became totally disabled within the definition of the Plan due to degenerative disc disease with herniated discs causing chronic back pain and neuropathy as well as multiple torn Achilles tendons with surgical repairs on the left leg, fibromyalgia, migraine headaches, bipolar disorder, premature atrial contractions, mitral valve leak, bradycardia and hypertension.  Her regular occupation was as a lab technician.  Ms. Anderson was born on January 1, 1968.

8.      P&G initially paid her short term disability benefits for six months, and then began paying long term disability benefits until May 2, 2016.  At that time, she was entitled to

2

receive a monthly benefit of approximately $1,072.03 which should have continued until her 65th birthday.

9.      Since May 2, 2016, Ms. Anderson has been totally and completely disabled within the definition of "total disability" defined by the plan.

10.      Ms. Andersons' disability has been fully documented by her medical care providers.

11.      Notwithstanding the fact that Ms. Anderson has been disabled as defined by P&G, P&G has continued to deny benefits.

12.      Ms. Anderson has exhausted her administrative appeals.

13.      Ms. Anderson was denied most recently by letter dated December 15, 2016.

14.      Under the terms of the plan, P&G is liable to Ms. Anderson for disability benefits for her disability after May 2, 2016 and continuing through her 65th birthday.

15.      Ms. Anderson has complied with all applicable requirements for recovery under the Plan.

16.      P&G has wrongfully denied her benefits under the plan in breach of contract.

17.      The decision of P&G to deny benefits was not supported by substantial evidence and is an abuse of discretion.

WHEREFORE, the Plaintiff, Sharon H. Anderson, moves the Court to grant her judgment for past due benefits due under the plan listed above after May 2, 2016, in the amount of approximately $25,000.00, which is the amount that will have accrued as of April 1, 2018 and for the equitable relief of a judgment that she will be entitled to future ongoing monthly benefits

3

through her 65th birthday, and for attorneys' fees, court costs, and such other and further relief as

the Court deems appropriate.

**RETURN DATE:  MAY 30, 2018, 9:30 a.m.**


Respectfully submitted,

SHARON H. ANDERSON

By _____
            Of Counsel


Susan A. Waddell, Esq. (VSB #24302)
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, VA  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: susanw@guynnwaddell.com
*Counsel for Plaintiff*

4

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson lewis.

| | | | |
|---|---|---|---|
| **Jackson Lewis P.C.** | ALBANY, NY | GREENVILLE, SC | MINNEAPOLIS, MN | RALEIGH, NC |
| **701 East Byrd Street** | ALBUQUERQUE, NM | HARTFORD, CT | MONMOUTH COUNTY, NJ | RAPID CITY, SD |
| **17th Floor** | ATLANTA, GA | HONOLULU, HI* | MORRISTOWN, NJ | RICHMOND, VA |
| **Richmond, Virginia 23219** | AUSTIN, TX | HOUSTON, TX | NEW ORLEANS, LA | SACRAMENTO, CA |
| **Mailing Address:** | BALTIMORE, MD | INDIANAPOLIS, IN | NEW YORK, NY | SALT LAKE CITY, UT |
| **PO Box 85068** | BIRMINGHAM, AL | JACKSONVILLE, FL | NORFOLK, VA | SAN DIEGO, CA |
| **Richmond, Virginia 23285** | BOSTON, MA | KANSAS CITY REGION | OMAHA, NE | SAN FRANCISCO, CA |
| **Tel 804 649-0404** | CHICAGO, IL | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN JUAN, PR |
| **Fax 804 649-0403** | CINCINNATI, OH | LONG ISLAND, NY | ORLANDO, FL | SEATTLE, WA |
| **www.jacksonlewis.com** | CLEVELAND, OH | LOS ANGELES, CA | PHILADELPHIA, PA | ST. LOUIS, MO |
| | DALLAS, TX | MADISON, WI | PHOENIX, AZ | STAMFORD, CT |
| | DAYTON, OH | MEMPHIS, TN | PITTSBURGH, PA | TAMPA, FL |
| | DENVER, CO | MIAMI, FL | PORTLAND, OR | WASHINGTON DC REGION |
| | DETROIT, MI | MILWAUKEE, WI | PORTSMOUTH, NH | WHITE PLAINS, NY |
| | GRAND RAPIDS, MI | | PROVIDENCE, RI | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

*From the desk of:*

LINDSEY A. STRACHAN
DIRECT DIAL: 804.212.2869
EMAIL: LINDSEY.STRACHAN@JACKSONLEWIS.COM

*Mailed on 4-13-18*
*(smw)*

April 12, 2018

**VIA FACSIMILE – 276-634-4825**
Henry General District Court Clerk's Office
Henry General District Court
3160 Kings Mountain Road, Suite A
Martinsville, VA 24112

> Re:   ***Sharon H. Anderson v. Proctor & Gamble Long Term Disability Allowance***
> **Case No.: GV18000601-00**

Dear Sir/Madam:

The purpose of this letter is to request a copy of the **full case file** for the following case:

> **Name:**          Sharon H. Anderson v. Proctor & Gamble Long Term Disability Allowance
>
> **Case Number:**     GV18000601-00

Please mail the requested file to the following address as soon as administratively possible:

> Jackson Lewis P.C.
> c/o Lindsey A. Strachan
> P.O. Box 85068
> Richmond, Virginia 23285

If there is a charge for this service, please send an invoice so we may reimburse any copying costs and/or postage. Should you have any questions, please kindly call Audrey Walker at 804-212-2859.

# jackson lewis.

Thank you very much for your assistance.

Best regards,

JACKSON LEWIS P.C.

*/s/ Lindsey A. Strachan*

Lindsey A. Strachan

RECEIVED
DATE/TIME _4-13-18_ _7:51_
BY _SM_
HENRY COUNTY GENERAL DISTRICT COURT

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Virginia      Va. Code §§ 8.01-301, -329; 55-218.1; 57-51

Case No. ................ GV18000601-00

................ Henry County General ................ District Court

| Sharon Anderson | v. | Procter & Gamble Long Term Disability Allowance Plan |
|---|---|---|
| c/o Susan A. Waddell, Esq., Guynn & Waddell, P.C. | | c/o D. G. Willis, The Procter & Gamble Company, |
| 415 S. College Avenue, Salem, VA 24153, 540-387-2320 | | Two Procter & Gamble Plaza, Cincinnati, OH 45202 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments: [X] Warrant *in Debt w/ complaint*  [ ] Motion for Judgment  [ ] ................

I, the undersigned Affiant, state under oath that:

[X] the above-named defendant    [ ] ................

whose last known address is: [X] same as above  [ ] ................

1. [X] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) ....**7**....
   applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
   REQUIREMENT on reverse) and that

| May 30, 2018 | is the return date on the attached warrant, motion for judgment or notice (see TIMELY SERVICE REQUIREMENT on reverse). |
|---|---|

04/04/2018
DATE

[ ] PARTY    [X] PARTY'S ATTORNEY    [ ] PARTY'S AGENT

State of *Virginia*                [X] City [ ] County of      *Salem*

Acknowledged, subscribed and sworn to before me this *4th* day of *April* , 20 *18*

*268888*
NOTARY REGISTRATION NUMBER

[ ] CLERK  [ ] MAGISTRATE  [X] NOTARY PUBLIC (My commission expires ....*10/31/18*.... )

LYDIA S. UPCHURCH
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #268888
My Commission Expires 10/31/18

*Lydia S. Upchurch*

[X] Verification by the clerk of the court of the date of filing of the certificate of compliance requested. A self-addressed stamped
envelope was provided to the clerk at the time of filing of this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Executive Secretary of the Commonwealth of Virginia:
   You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates
   the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY
   responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions
   concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE
COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On ................................................................, legal service in the above-styled case was made upon the Secretary of the
   Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On ................................................................, papers described in the Affidavit and a copy of this Affidavit were
   forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED BY THE AUTHORITY OF THE
SECRETARY OF THE COMMONWEALTH

**TIMELY SERVICE REQUIREMENT:**

Service of process in actions brought on a warrant or motion for judgment pursuant to Virginia Code § 16.1-79 or § 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting; or

8. (ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person.

9. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.

VIRGINIA:

IN THE GENERAL DISTRICT COURT FOR THE COUNTY OF HENRY

SHARON H. ANDERSON                          )
                                            )
           Plaintiff,                       )
                                            )
v.                                          )        Case No. _180060 1_____
                                            )
PROCTER & GAMBLE LONG –TERM                 )
  DISABILITY ALLOWANCE PLAN,                )
Serve:  Registered Agent                    )
        CT Corporation System               )
        4701 Cox Road, Suite 285            )
        Glen Allen, VA 23060                )
        (Henrico County),                   )
                                            )
        Defendant.                          )

## COMPLAINT

The Plaintiff, Sharon H. Anderson, by counsel, files this Complaint against the

Defendant, Procter & Gamble Long-Term Disability Allowance Plan (hereafter "P&G"), and

moves for judgment against the Defendant for breach of contract and the award of monetary

damages as well as declaratory judgment on the grounds and in the amount set forth below:

1.      That the Defendant, P&G is an Employee Benefit Plan established pursuant to

ERISA and managed by Plan Trustees with Offices located in Cincinnati, Ohio.

2.      That Ms. Anderson is a beneficiary of the P&G employee benefit plan who

resides in Henry County, Virginia.   The P&G plan provides for long term disability benefits for

employees of Ms. Anderson's employer, Proctor & Gamble Co., at its plant located in Brown's

Summit, North Carolina.

1

3.    The plan at issue is subject to the Employee Retirement Income Security Act of 1974 (ERISA).

4.    That at all times relevant to this lawsuit, Ms. Anderson was a covered employee and eligible for benefits under the P&G plan.

5.    Pursuant to the long-term disability contract, P&G agreed to pay Ms. Anderson a monthly benefit of approximately $1,072.03 after its elimination period ended if she met the definition of disability contained in the plan.

6.    Pursuant to the Employee Benefit Plan documents, P&G agreed to pay Ms. Anderson a monthly benefit if she became disabled under the terms of the Plan.

7.    Under Article II Section 16 of the Plan at issue, a person is entitled to receive a monthly disability benefit for total disability if the person has a "mental or physical condition resulting from an illness or injury, which is generally considered totally disabling by the medical profession and for which the participant is receiving regular recognized treatment by a qualified medical professional." As of July 31, 2011, Ms. Anderson became totally disabled within the definition of the Plan due to degenerative disc disease with herniated discs causing chronic back pain and neuropathy as well as multiple torn Achilles tendons with surgical repairs on the left leg, fibromyalgia, migraine headaches, bipolar disorder, premature atrial contractions, mitral valve leak, bradycardia and hypertension. Her regular occupation was as a lab technician. Ms. Anderson was born on January 1, 1968.

8.    P&G initially paid her short term disability benefits for six months, and then began paying long term disability benefits until May 2, 2016. At that time, she was entitled to

2

receive a monthly benefit of approximately $1,072.03 which should have continued until her 65th birthday.

9.      Since May 2, 2016, Ms. Anderson has been totally and completely disabled within the definition of "total disability" defined by the plan.

10.     Ms. Andersons' disability has been fully documented by her medical care providers.

11.     Notwithstanding the fact that Ms. Anderson has been disabled as defined by P&G, P&G has continued to deny benefits.

12.     Ms. Anderson has exhausted her administrative appeals.

13.     Ms. Anderson was denied most recently by letter dated December 15, 2016.

14.     Under the terms of the plan, P&G is liable to Ms. Anderson for disability benefits for her disability after May 2, 2016 and continuing through her 65th birthday.

15.     Ms. Anderson has complied with all applicable requirements for recovery under the Plan.

16.     P&G has wrongfully denied her benefits under the plan in breach of contract.

17.     The decision of P&G to deny benefits was not supported by substantial evidence and is an abuse of discretion.

WHEREFORE, the Plaintiff, Sharon H. Anderson, moves the Court to grant her judgment for past due benefits due under the plan listed above after May 2, 2016, in the amount of approximately $25,000.00, which is the amount that will have accrued as of April 1, 2018 and for the equitable relief of a judgment that she will be entitled to future ongoing monthly benefits

3

through her 65th birthday, and for attorneys' fees, court costs, and such other and further relief as

the Court deems appropriate.

**RETURN DATE:  MAY 30, 2018, 9:30 a.m.**

Respectfully submitted,

SHARON H. ANDERSON

By _____
                    Of Counsel

Susan A. Waddell, Esq. (VSB #24302)
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, VA  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: susanw@guynnwaddell.com
*Counsel for Plaintiff*

4

# Guynn & Waddell, P.C.

ATTORNEYS AT LAW

415 S. COLLEGE AVENUE
SALEM, VIRGINIA 24153
TELEPHONE (540) 387-2320
FACSIMILE (540) 389-2350

JIM H. GUYNN, JR.
    JimG@guynnwaddell.com

SUSAN A. WADDELL
    SusanW@guynnwaddell.com

PAUL M. MAHONEY, OF COUNSEL
    PaulM@guynnwaddell.com

THERESA J. FONTANA
    TheresaF@guynnwaddell.com

MICHAEL W. S. LOCKABY
    MikeL@guynnwaddell.com

CHRISTOPHER S. DADAK
    ChristopherD@guynnwaddell.com

JULIAN F. HARF
    JulianH@guynnwaddell.com

April 11, 2018

Clerk's Office
Attention: Lauren
Henry County General District Court
3160 Kings Mountain Road, Suite A
Martinsville, VA 24112

      Re:    Sharon H. Anderson v. Procter & Gamble Long Term Disability Allowance Plan
            Return date: May 30, 2018, 9:30 a.m.

Dear Lauren:

      The Warrant in Debt with attached Complaint was filed on March 26, 2018. We now wish to request service of the Warrant in Debt on Defendant through the Secretary of the Commonwealth.

      We enclose the following:

1.     Three copies of the Affidavit.
2.     Copy of the Warrant in Debt with Complaint.
3.     Envelope addressed to Defendant, returnable to our office.
4.     Certified mail card (green card) addressed to Defendant, returnable to our office.
5.     $28 check payable to the Secretary of the Commonwealth.
6.     $44 check to Henry County General District Court for your fee.
7.     Self-addressed stamped envelope for return of the certificate of compliance to our office.

      Should you have any questions or need anything further, or if any of these documents are in error, please contact us immediately. Thank you for your assistance in this matter.

            Very truly yours,

            GUYNN & WADDELL, P.C.

            Susan A. Waddell

SAW/lsu
Enclosures

If you are unable to take advantage of the online Service of Process system, please submit the following:

- 3 copies of the Affidavit
- 1 copy of papers being served *Warrant in Debt*
- 1 envelope addressed to the person/business being served, returnable to the plaintiff
- 1 self-addressed stamped envelope, returnable to plaintiff (for receipt of service) â€" not applicable if paperwork is mailed to our office via certified mail (your green card acts as your receipt.)
- 1 certified mail card (green), also addressed to the person/business being served, returnable to the plaintiff
- A check or money order for $28.00 per person/business being served. If it is a couple, two separate sets of papers are required.

✓ $44 to HCGDC



Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| **Jackson Lewis P.C.** | ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| **701 East Byrd Street** | ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| **17th Floor** | ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| **Richmond, Virginia 23219** | AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| **Mailing Address:** | BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| **PO Box 85068** | BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| **Richmond, Virginia 23285** | BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| **Tel 804 649-0404** | CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| **Fax 804 649-0403** | CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| **www.jacksonlewis.com** | CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| | DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| | DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| | DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| | DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| | GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

*From the desk of:*

LINDSEY A. STRACHAN
DIRECT DIAL: 804-212-2869
EMAIL: LINDSEY.STRACHAN@JACKSONLEWIS.COM

April 26, 2018

**VIA OVERNIGHT DELIVERY**

The Honorable Stacie Renae Prillaman, Clerk
Henry County General District Court
3160 Kings Mountain Road, Suite A
Martinsville, VA 24112

> Re:  **Sharon H. Anderson v. Procter & Gamble Long Term Disability Allowance,
> Case No. GV18000601-00**

Dear Ms. Prillaman:

Enclosed please find one original and one copy of *Notice of Filing Notice of Removal* for filing on behalf of Procter & Gamble Long Term Disability Allowance. Please date stamp the copy and return it to Ms. Walker from my office.

If you have any questions, please do not hesitate to contact my office. Thank you in advance for your assistance in this matter.

Sincerely yours,

Lindsey A. Strachan

Enclosures

4-27-18
Per Audrey w/ Jackson Lewis
Order issued 4-27-18 - Case is
in Federal Court / Sending Order

**RECEIVED**
DATE/TIME 4-27-18     10:18AM
BY _____ DC
HENRY COUNTY GENERAL DISTRICT COURT

VIRGINIA:

IN THE GENERAL DISTRICT COURT FOR THE COUNTY OF HENRY

SHARON H. ANDERSON                    )
                                      )
               Plaintiff,             )
                                      )
        v.                            )          Case Number GV1800601-00
                                      )
PROCTER & GAMBLE LONG-TERM            )
DISABILITY ALLOWANCE PLAN,            )
                                      )
               Defendant.             )
                                      )
_____ )

## DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

TO:   The Honorable Stacie Renae Prillaman, Clerk
      Henry County General District Court
      3160 Kings Mountain Road, Suite A
      Martinsville, VA 24112

        PLEASE TAKE NOTICE that on April 26, 2018, Defendant Procter & Gamble Health &

Long-Term Disability Plan, the successor plan to the Procter & Gamble Long-Term Disability

Allowance Plan, filed a Notice of Removal in the United States District Court for the Western

District of Virginia, Danville Division, in the above captioned case. A copy of the Notice of

Removal filed in the Federal Court is attached hereto.

April 26, 2018                        Respectfully submitted,

                                      */s/ Lindsey A. Strachan*
                                      Lindsey A. Strachan, Esq.
                                      Virginia Bar No. 84506
                                      JACKSON LEWIS P.C.
                                      701 E. Byrd Street, 17th Floor
                                      Richmond, VA 23219
                                      Telephone: (804) 649-0404
                                      Facsimile: (804) 649-0403
                                      Email: Lindsey.Strachan@jacksonlewis.com

                                      ATTORNEYS FOR DEFENDANT

1

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 26, 2018, a copy of the foregoing **DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT COMPANY** was served this day via USPS, postage prepaid, and addressed as follows:

Susan A. Waddell, Esq.
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, VA 24153

*/s/ Lindsey A. Strachan*

This 26th day of April, 2018

2

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sharon H. Anderson | Procter & Gamble Long-Term Disability Allowance Plan |

| **(b)** County of Residence of First Listed Plaintiff    Henry, Virginia | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Susan A. Waddell, Guynn & Waddell, P.C.; 415 S. College Ave., Salem, VA 24153; Tel: 540-387-2320 | Lindsey A. Strachan, Jackson Lewis P.C.; 701 E. Byrd Street, 17th Floor, Richmond, VA 23219; Tel: (804) 212-2869 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 1001, et seq.

Brief description of cause:
Federal question removal based on claims pursuant to Employee Retirement Income Security Act of 1974 (ERISA)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.C.v.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 04/26/2018 | *[signature]* |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

SHARON H. ANDERSON
Plaintiff(s)

        V.                                                    Civil Action No.:

PROCTER & GAMBLE LONG-TERM DISABILITY ALLOWANCE PLAN
Defendant(s)

### DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER ENTITIES WITH A DIRECT FINANICAL INTEREST IN LITIGATION

ONLY ONE FORM NEEDS TO BE COMPLETED FOR A PARTY EVEN IF THE PARTY IS REPRESENTED BY MORE THAN ONE ATTORNEY. DISCLOSURES MUST BE FILED ON BEHALF OF INDIVIDUALS AS WELL AS CORPORATIONS AND OTHER LEGAL-ENTITIES. COUNSEL HAS A CONTINUING DUTY TO UPDATE THIS INFORMATION.

IF YOU ANSWER "YES" TO ANY OF THE FOLLOWING QUESTIONS, THIS STATEMENT MUST BE FILED IN ECF AS A POSITIVE CORPORATE DISCLOSURE STATEMENT.

Pursuant to Standing Order entered May 15, 2000.

PROCTER & GAMBLE LONG-TERM DISABILITY ALLOWANCE PLAN who is    Defendant

(Name of party you represent)                                (Plaintiff/Defendant)

makes the following disclosure:

1. Is the party a publicly held corporation or other publicly held entity?
    [ ] Yes        [X] No

2. Does the party have any parent corporations?
    [] Yes        [X] No

    If yes, identify all parent corporations, including grandparent and great grandparent corporations: Defendant Procter & Gamble Health & Long-Term Disability Plan (the "Plan") is the successor plan to the Procter & Gamble Long-Term Disability Allowance Plan. The Plan is an employee welfare benefit plan as defined by, and which is subject to, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. (ERISA). As such, the Plan has no parent or grandparent corporation.

3. Is 10 percent or more of the party's stock owned by a publicly held corporation or other publicly held entity?
    [] Yes        [X] No

    If yes, identify all such owners: The Plan is an employee welfare benefit plan as defined by, and which is subject to, ERISA. As such, the Plan does not issue stock or other indicia of ownership. The Plan is sponsored by The Procter & Gamble Company, a publicly traded company.

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?
    [X] Yes        [] No

    If yes, identify all such owners: The Plan is sponsored by The Procter & Gamble Company, a publicly traded company.

5. Is the party a trade association?
    [] Yes        [X] No

    If yes, identify all members of the association, their parent corporations, and any publicly held companies that own ten (10%) percent or more of the party's stock: Not Applicable

_/s/ Lindsey A. Strachan_____         April 26, 2018_____
(Signature)              ·                    (Date)

### DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER ENTITIES WITH A DIRECT FINANICAL INTEREST IN LITIGATION

The Plan is an employee welfare benefit plan as defined by, and which is subject to, ERISA. As such, the Plan does not issue stock or other indicia of ownership. The Plan is sponsored by The Procter & Gamble Company, a publicly traded company.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

SHARON H. ANDERSON       )
                              )
          **Plaintiff,**       )
    **v.**                    )
                              )     C.A. No. _____
**PROCTER & GAMBLE LONG-TERM** )
**DISABILITY ALLOWANCE PLAN,**   )
                              )
        **Defendant.**     )
                              )

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Procter & Gamble Health & Long-Term Disability Plan ("Defendant" or the "Plan"), the successor plan to the Procter & Gamble Long-Term Disability Allowance Plan hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, and states the following grounds for removal:

1.     Plaintiff instituted this action on or about March 26, 2018, in the General District Court for Henry County, Virginia, Case Number GV1800601-00 (hereinafter referred to as the "State Action").

2.     The Plan was served with a copy of the Summons and Complaint on March 30, 2018. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, documents, and orders which have been served upon the Plan are attached hereto as Exhibit A.

3.     This Notice of Removal is being filed within thirty (30) days of receipt of the Summons and Complaint by the Plan, in accordance with 28 U.S.C. § 1446(b).

4.     The Plan has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.

5.      As the Plan is the sole Defendant, the requirements regarding consent for removal by other defendants, as required by 28 U.S.C. § 1446(b) (2)(A), is inapplicable.

6.      Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

7.      ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan." 29 U.S.C. §1002(3). A plan is a welfare benefit plan if it "was *established or is maintained* for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, *disability,* death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff alleges the Plan "provides for long term disability benefits for employees of Ms. Anderson's employer, Proctor & Gamble Co., at its plant located in Brown's Summit, North Carolina." (Complaint at ¶ 2.) Plaintiff further alleges she "was a covered employee and eligible for benefits under the P&G plan." (*Id*. at ¶ 4.)

9.      Finally, Plaintiff expressly alleges the Plan "is an Employee Benefit Plan established pursuant to ERISA" (*Id*. at ¶ 3), and, as relief, Plaintiff seeks an award of long-term disability benefits allegedly due under the Plan. (*Id*. at "Wherefore" paragraph.)

10.     The ERISA civil remedies provisions authorize plan participants to bring a civil action for benefits allegedly due at 29 U.S.C. § 1132(a)(1)(B). The district courts of the United

- 2 -

States have jurisdiction over such claims pursuant to 29 U.S.C. § 1132(e).

11.  Accordingly, the Complaint establishes on its face that Plaintiff's claim is subject to ERISA and that, accordingly, this matter is removable to this Court under the Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

12.  The Plan submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted

13.  The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

14.  This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

15.  By copy of this document and in accordance with the Certificate of Service, the Plan is providing notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the Plan gives notice that the referenced action pending in the in the General District Court for Henry County, Virginia, Case Number GV1800601-00, has been removed to this Court.

April 26, 2018                          Respectfully submitted,

                                        */s/ Lindsey A. Strachan*
                                        Lindsey A. Strachan, Esq.
                                        Virginia Bar No. 84506
                                        JACKSON LEWIS P.C.
                                        701 E. Byrd Street, 17th Floor
                                        Richmond, VA 23219
                                        Telephone: (804) 649-0404
                                        Facsimile: (804) 649-0403
                                        Email: Lindsey.Strachan@jacksonlewis.com

Robert M. Wood (*Pro Hac Vice* Petition Pending)
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, South Carolina 29601
Telephone: 864-232-7000
Email: woodr@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 26, 2018, a copy of the foregoing

**DEFENDANT'S NOTICE OF REMOVAL** was served on Plaintiff, via her counsel, by first

class mail, postage prepaid, at her counsel's address shown on the Complaint, as follows:

>Susan A. Waddell, Esq.
>Guynn & Waddell, P.C.
>415 S. College Avenue
>Salem, VA 24153

>*/s/ Lindsey A. Strachan*

This 26th day of April, 2018.

4840-7723-3251, v. 1

- 5 -

# EXHIBIT A

# WARRANT IN DEBT (CIVIL CLAIM FOR MONEY)

Commonwealth of Virginia    VA. CODE § 16.1-79

........ Henry County ............................................ General District Court
CITY OR COUNTY

3160 Kings Mountain Road, Suite A, Martinsville, VA 24112
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summon the Defendant(s).

TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on

May 30, 2018, 9:30 a.m. ............................. to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

3-23-18                          C. Ously
DATE ISSUED          [ ] CLERK  [✓] DEPUTY CLERK  [ ] MAGISTRATE

**CLAIM:** Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of

$ .......... 25,000.00 ... net of any credits, with interest at ... 6.00 ..% from date of . May 2, 2016 . until paid,

$ ... 84.00 ... 56.00 ... costs and $ ................... attorney's fees with the basis of this claim being

[ ] Open Account [ ] Contract  [ ] Note  [ ] Other (EXPLAIN)

see attached Complaint

HOMESTEAD EXEMPTION WAIVED? [ ] YES    [ ] NO  [ ] cannot be demanded

March 23, 2018
DATE          [ ] PLAINTIFF [✗] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S EMPLOYEE/AGENT

## CASE DISPOSITION

JUDGMENT against [ ] named Defendant(s) [ ] ...............................

for $ ................................... net of any credits, with interest at ............. % from date

of ...................... until paid, $ ............... costs and $ ................... attorney's fees

HOMESTEAD EXEMPTION WAIVED? [ ] YES  [ ] NO  [ ] CANNOT BE DEMANDED

[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] ...............................

[ ] NON-SUIT [ ] DISMISSED ...............................

Defendant(s) Present? [ ] YES ...............................
                       [ ] NO

..................          ...............................
DATE                              JUDGE

FORM DC-412 (PAGE ONE OF TWO) 07/04 PDF

---

CASE NO.    1800601

Anderson, Sharon H.
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

c/o Susan A. Waddell, Esq.

415 S. College Avenue, Salem, VA 24153

v.

Procter & Gamble Long-Term Disability Allowance Plan
DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

Registered agent: CT Corporation System

4701 Cox Road, Suite 285

Glen Allen, VA 23060 (Henrico County)

## WARRANT IN DEBT

* * *

**TO DEFENDANT:** You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location.

[ ] To dispute this claim, you **must** appear on the return date to try this case.

[✗] To dispute this claim, you must appear on the return date for the judge to set another date for trial.

Bill of Particulars ...............................  DUE

Grounds of Defense ...............................  DUE

ATTORNEY FOR PLAINTIFF(S)
Susan A. Waddell, Esq.
415 S. College Ave., Salem, VA 24153, 540-387-2320

ATTORNEY FOR DEFENDANT(S)
...............................
...............................

---

## HEARING DATE AND TIME

May 30, 2018

9:30 a.m.

316714

JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION.

..............
DATE

..............
CLERK

### DISABILITY ACCOMMODATIONS
for loss of hearing, vision, mobility, etc., contact the court ahead of time.

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
   "Registered office and registered agent.
   A....
   B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

***As such, neither CT Corporation System, nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.***

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

   Katie Bush                    Teresa Brown                    Jabrel Samuel

This authorization does not certify the receipt or acceptance of any specific process

Teresa Brown
Team Leader
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Teresa Brown, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this 20th day of November, 2017.

Notary Public
Commission exp. 2/28/19

LISA D. CHRISTIAN
NOTARY PUBLIC
MY COMMISSION NUMBER
7510276
COMMONWEALTH OF VIRGINIA

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE**
**SECRETARY OF THE COMMONWEALTH**
Commonwealth of Virginia      Va. Code §§ 8.01-301, -329; 55-218.1; 57-51

Case No. .......... GV18000601-00

.......... Henry County General .......... District Court

| Sharon Anderson | v. | Procter & Gamble Long Term Disability Allowance Plan |
|---|---|---|
| c/o Susan A. Waddell, Esq., Guynn & Waddell, P.C. | | c/o D. G. Willis, The Procter & Gamble Company, |
| 415 S. College Avenue, Salem, VA 24153, 540-387-2320 | | Two Procter & Gamble Plaza, Cincinnati, OH 45202 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments: [X] Warrant *in Debt w/ complaint*    [ ] Motion for Judgment    [ ] ..........

I, the undersigned Affiant, state under oath that:

[X] the above-named defendant    [ ] ..........

whose last known address is: [X] same as above  [ ] ..........

1.  [X]  is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) .....7..........
    applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2.  [ ]  is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
    REQUIREMENT on reverse) and that

| May 30, 2018 | is the return date on the attached warrant, motion for judgment or notice (see TIMELY SERVICE REQUIREMENT on reverse). |
|---|---|

.......... 04/04/2018 ..........
DATE

[ ] PARTY    [X] PARTY'S ATTORNEY    [ ] PARTY'S AGENT

State of ..*Virginia*..      [X] City [ ] County of ..........*Salem*..........

Acknowledged, subscribed and sworn to before me this ....4th.... day of ..........*April*.........., 20 *18*

..........*268888*..........
NOTARY REGISTRATION NUMBER

LINDA SUE UPCHURCH
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #268888
My Commission Expires 10/31/18

[ ] CLERK  [ ] MAGISTRATE  [X] NOTARY PUBLIC (My commission expires ....*10/31/18*....)

*Linda S. Upchurch*

[X] Verification by the clerk of the court of the date of filing or the certificate of compliance requested. A self-addressed stamped envelope was provided to the clerk at the time of filing of this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Executive Secretary of the Commonwealth of Virginia:
    You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On .........., legal service in the above-styled case was made upon the Secretary of the
    Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.  On .........., papers described in the Affidavit and a copy of this Affidavit were
    forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

.............................................
SERVICE OF PROCESS CLERK, DESIGNATED BY THE AUTHORITY OF THE
SECRETARY OF THE COMMONWEALTH

# Guynn & Waddell, P.C.

ATTORNEYS AT LAW

415 S. COLLEGE AVENUE
SALEM, VIRGINIA 24153
TELEPHONE (540) 387-2320
FACSIMILE (540) 389-2350

JIM H. GUYNN, JR.
    JimG@guynnwaddell.com

SUSAN A. WADDELL
    SusanW@guynnwaddell.com

PAUL M. MAHONEY, OF COUNSEL
    PaulM@guynnwaddell.com

THERESA J. FONTANA
    TheresaF@guynnwaddell.com

MICHAEL W. S. LOCKABY
    MikeL@guynnwaddell.com

CHRISTOPHER S. DADAK
    ChristopherD@guynnwaddell.com

JULIAN F. HARF
    JulianH@guynnwaddell.com

April 4, 2018

Ms. Stacie Renae Prillaman, Clerk
Henry County General District Court
3160 Kings Mountain Road, Suite A
Martinsville, VA 24112

Re:   Sharon H. Anderson v. Procter & Gamble Long Term Disability Allowance Plan
      Return date:  May 30, 2018, 9:30 a.m.

Dear Ms. Prillaman:

The Warrant in Debt with attached Complaint was filed on March 26, 2018. We now wish to request service of the Warrant in Debt on Defendant through the Secretary of the Commonwealth.

We enclose the following:

1.   Three copies of the Affidavit.
2.   Copy of the Warrant in Debt with Complaint.
3.   Envelope addressed to Defendant, returnable to our office.
4.   Certified mail card (green card) addressed to Defendant, returnable to our office.
5.   $28 check payable to the Secretary of the Commonwealth.
6.   $12 check to Henry County General District Court for service of these papers on the Secretary of the Commonwealth.
7.   Self-addressed stamped envelope for return of the certificate of compliance to our office.

Should you have any questions or need anything further, or if any of these documents are in error, please contact us immediately. Thank you for your assistance in this matter.

Very truly yours,

GUYNN & WADDELL, P.C.

Susan A. Waddell

SAW/lsu
Enclosures
cc/enc:  Sharon H. Anderson



VIRGINIA:

IN THE GENERAL DISTRICT COURT FOR THE COUNTY OF HENRY

SHARON H. ANDERSON                     )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Case No. ___180060 1___
                                       )
PROCTER & GAMBLE LONG –TERM            )
DISABILITY ALLOWANCE PLAN,             )
Serve: Registered Agent                )
        CT Corporation System          )
        4701 Cox Road, Suite 285       )
        Glen Allen, VA 23060           )
        (Henrico County),              )
                                       )
        Defendant.                     )

## COMPLAINT

The Plaintiff, Sharon H. Anderson, by counsel, files this Complaint against the

Defendant, Procter & Gamble Long-Term Disability Allowance Plan (hereafter "P&G"), and

moves for judgment against the Defendant for breach of contract and the award of monetary

damages as well as declaratory judgment on the grounds and in the amount set forth below:

1.      That the Defendant, P&G is an Employee Benefit Plan established pursuant to

ERISA and managed by Plan Trustees with Offices located in Cincinnati, Ohio.

2.      That Ms. Anderson is a beneficiary of the P&G employee benefit plan who

resides in Henry County, Virginia.   The P&G plan provides for long term disability benefits for

employees of Ms. Anderson's employer, Proctor & Gamble Co., at its plant located in Brown's

Summit, North Carolina.

1

3.      The plan at issue is subject to the Employee Retirement Income Security Act of 1974 (ERISA).

4.      That at all times relevant to this lawsuit, Ms. Anderson was a covered employee and eligible for benefits under the P&G plan.

5.      Pursuant to the long-term disability contract, P&G agreed to pay Ms. Anderson a monthly benefit of approximately $1,072.03 after its elimination period ended if she met the definition of disability contained in the plan.

6.      Pursuant to the Employee Benefit Plan documents, P&G agreed to pay Ms. Anderson a monthly benefit if she became disabled under the terms of the Plan.

7.      Under Article II Section 16 of the Plan at issue, a person is entitled to receive a monthly disability benefit for total disability if the person has a "mental or physical condition resulting from an illness or injury, which is generally considered totally disabling by the medical profession and for which the participant is receiving regular recognized treatment by a qualified medical professional." As of July 31, 2011, Ms. Anderson became totally disabled within the definition of the Plan due to degenerative disc disease with herniated discs causing chronic back pain and neuropathy as well as multiple torn Achilles tendons with surgical repairs on the left leg, fibromyalgia, migraine headaches, bipolar disorder, premature atrial contractions, mitral valve leak, bradycardia and hypertension. Her regular occupation was as a lab technician. Ms. Anderson was born on January 1, 1968.

8.      P&G initially paid her short term disability benefits for six months, and then began paying long term disability benefits until May 2, 2016. At that time, she was entitled to

2

receive a monthly benefit of approximately $1,072.03 which should have continued until her 65th birthday.

9.     Since May 2, 2016, Ms. Anderson has been totally and completely disabled within the definition of "total disability" defined by the plan.

10.     Ms. Andersons' disability has been fully documented by her medical care providers.

11.     Notwithstanding the fact that Ms. Anderson has been disabled as defined by P&G, P&G has continued to deny benefits.

12.     Ms. Anderson has exhausted her administrative appeals.

13.     Ms. Anderson was denied most recently by letter dated December 15, 2016.

14.     Under the terms of the plan, P&G is liable to Ms. Anderson for disability benefits for her disability after May 2, 2016 and continuing through her 65th birthday.

15.     Ms. Anderson has complied with all applicable requirements for recovery under the Plan.

16.     P&G has wrongfully denied her benefits under the plan in breach of contract.

17.     The decision of P&G to deny benefits was not supported by substantial evidence and is an abuse of discretion.

WHEREFORE, the Plaintiff, Sharon H. Anderson, moves the Court to grant her judgment for past due benefits due under the plan listed above after May 2, 2016, in the amount of approximately $25,000.00, which is the amount that will have accrued as of April 1, 2018 and for the equitable relief of a judgment that she will be entitled to future ongoing monthly benefits

3

through her 65th birthday, and for attorneys' fees, court costs, and such other and further relief as

the Court deems appropriate.

**RETURN DATE: MAY 30, 2018, 9:30 a.m.**

Respectfully submitted,

SHARON H. ANDERSON

By_____
Of Counsel

Susan A. Waddell, Esq. (VSB #24302)
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, VA  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: susanw@guynnwaddell.com
*Counsel for Plaintiff*

4